# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

JERRY SERRANO,

        Petitioner,

vs.                                             Civil No. 02-0057 BB/WWD

JOE WILLIAMS, Warden,

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed

May 20, 2002 **[Doc. 14]**. The government contends that Mr. Serrano's petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 is time-barred subject to the one-year statute of limitations

in the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA").[1]

    2. Petitioner is incarcerated and is proceeding _pro se_[2]. In July 1986, following a jury

trial, Mr. Serrano was convicted of charges of conspiracy to commit armed robbery, aggravated

burglary, criminal sexual penetration, two counts of armed robbery, and aggravated assault in

disguise. See Am. J., Sentence and Commitment attached as Ex. A to Answer **[Doc. 13]**. In

addition, Petitioner was found guilty of being an Habitual Offender with three prior felony

convictions pursuant to NMSA § 31-18-17(D). Id. Petitioner alleges numerous grounds for

---

    [1] Pub.L. No. 104-132, 110 Stat. 1217 (1996), codified at 28 U.S.C. § 2244(d).

    [2] Mr. Serrano's petition for writ of habeas corpus under 22 U.S.C. § 2254 ("petition") is signed only by Mr. Serrano. See Pet. **[Doc. 1]** at 7. Although Mr. Serrano has referred to Brian Pori as his attorney, a review of the record reveals that no attorney has entered an appearance on Mr. Serrano's behalf in this action.

relief in his petition, including ineffective assistance of counsel and prosecutorial misconduct.

3.   The AEDPA of 1996 provides a one-year statute of limitations for state prisoners to file an application for a federal writ of habeas corpus.  See 28 U.S.C. § 2244(d)(1).   Because Mr. Serrano's state convictions became final before the passage of AEDPA, he had one year from the enactment of the Act to seek federal habeas relief.  See Adams v. LeMaster, 223 F.3d 1177, 1180 (10th Cir. 2000).[3]  Thus, in order to avoid the statute of limitations, Mr. Serrano was required to file his federal application before April 24, 1997.  See id.

4.   However, the limitations period is tolled during the pendency of state post-conviction review.  See id.  Mr. Serrano filed a Petition for Writ of Habeas Corpus in state court on April 21, 1997.  See ex. DD attached to Answer.  Accordingly, the period of limitation was tolled from the time Mr. Serrano filed his state petition until January 9, 2002, when the New Mexico Supreme Court denied certiorari.  See ex. NN attached to Answer.  Following the denial of his state petition, Mr. Serrano was required to file his federal petition by January 12, 2002 in order to avoid the expiration of the limitation period.

5.   However, Mr. Serrano's present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is not timely filed.  The instant petition is file-stamped January 16, 2002. Thus, even applying the AEDPA tolling provisions to the grace period during which state collateral proceedings were pending, Mr. Serrano failed to file his federal petition within the limitations period.

_____

[3]  Most courts have granted petitioners a one-year grace period from April 24, 1996 until April 24, 1997 in which to complete their direct and collateral proceedings in order to prevent the time for running out for the filing of their federal habeas petitions under AEDPA's statute of limitations.  See, e.g., United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997).

6. Petitioner does not allege that the prison mailbox rule[4] applies, nor do I find that the circumstances of this case support the application of the rule.[5] Petitioner contends, however, that the limitation period should be equitably tolled. See Letter from Mr. Serrano, dated May 20, 2002 ("Response") **[Doc. 16]**.

*Equitable Tolling*

7. Equitable tolling applies "only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Moreover, "[a] necessary predicate to the availability of equitable tolling is that the petitioner has diligently pursued his claims." Loving v. Mahaffey, 27 Fed. Appx. 925, 926, 2001 WL 1564057, at *1 (10th Cir. Dec. 10, 2001) (unpublished) (citing Fisher v. Gibson, 262 F.3d 1135, 1143 (10th Cir. 2001); see also Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (finding equitable tolling available "only when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control") (emphasis added). Mr. Serrano bears the burden of demonstrating that equitable tolling should apply. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

8. Mr. Serrano advances three arguments for applying equitable tolling. First, Mr.

---

[4] "Pursuant to the mailbox rule, a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing." Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)).

[5] The record is devoid of any evidence that Mr. Serrano placed his petition into the prison mail system to be filed with this Court. Although Petitioner states that he mailed his petition to an attorney, Brian Pori, on January 19, 2001, Petitioner does not allege that he intended to file his petition with this Court at that time. Rather, Mr. Serrano apparently sent the federal petition to Mr. Pori to "hold" until the New Mexico Supreme Court ruled on Mr. Serrano's state habeas petition. See Pet.'s Resp., exs. A,B.

Serrano states that he "was locked up in SNMCF [Southern New Mexico Correctional Facility] . . . when [he] recieved [sic] Exhibit A[6]." Id. Second, Mr. Serrano argues that "there was no way that [I] could of filed my own petition because where [I] was housed . . . we would need to request for any legal matters, and such requests would take anywhere from one [to two weeks]." Id. Finally, Mr. Serrano explains that he and Mr. Pori agreed that Mr. Serrano "would send [the federal petition] to [Mr. Pori], . . . and [Mr. Pori] was to immediately file it." Id.

9. Petitioner's first argument appears to be that he did not receive notice of the denial of his state petition in time to file his federal petition within the limitation period. However, while "a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling," it can do so only "if the prisoner has acted diligently in the matter." Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001). Mr. Serrano has not demonstrated a diligent pursuit of his post-conviction remedies.

10. Mr. Serrano offers no explanation for why he delayed pursuing post-conviction relief for approximately ten years after his convictions became final. See, e.g., Young v. Saffle, 24 Fed. Appx. 843, 844, 2001 WL 1219236, at **2 (10th Cir. Oct. 11, 2001) (unpublished) (finding that a "lengthy gap" of five years between petitioner's conviction and his pursuit of post-conviction relief "preclude[d] any claim that he diligently pursued his federal claims"); Gifford v. Everett, 28 Fed. Appx. 748, 751, 2001 WL 1117074, at **2 (10th Cir. Sept. 24, 2001) (unpublished) (finding that petitioner failed to demonstrate diligence where no reason given for a

---

[6] Exhibit A is a letter from attorney Brian Pori to Mr. Serrano, dated January 16, 2002, in which Mr. Pori enclosed "the order denying [Mr. Serrano's] Petition for a Writ of Certiorari [in state court]." Ex. A, attached to Pet.'s Response. Mr. Pori explained that he did not receive the order until January 16, and that "[u]pon receipt of the order, I immediately filed your Petition for a Writ of Habeas Corpus in U.S. District Court." Id.

three year delay between the finality of his conviction and the filing of a state post-conviction proceeding). Consequently, equitable tolling is not available to Mr. Serrano because he fails to meet the threshold requirement of showing that he diligently pursued his claims.

11. However, even if Petitioner had exercised diligence, equitable tolling is not available because Petitioner fails to show the "rare and exceptional circumstances" that warrant the application of equitable tolling. Mr. Serrano did not file his state petition until three days before the expiration of the one-year limitation period, "an action that necessarily mandated a swift filing of the federal habeas application following the denial of the state petition." Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (declining to find "rare and exceptional circumstances" where the filing of the state habeas "was a matter totally within the control of [the petitioner]"); Omar-Muhammad v. Williams, 17 Fed. Appx. 898, 900, 2001 WL 967793, at **2 (10th Cir. Aug. 24, 2001) (unpublished) (finding that it was the "[p]etitioner's delay in filing his state habeas claim that overwhelmingly contributed to his untimely federal filing"). Because Mr. Serrano could have filed his state application earlier, the necessity of having to file his federal petition within three days after the denial of his state application does not qualify as a rare, exceptional, or extraordinary circumstance beyond his control.

12. Furthermore, under the circumstances of this case, I do not find that the seven days that elapsed between the denial of Mr. Serrano's state petition and the filing of his federal petition constituted a "substantial delay" of notice sufficient to warrant equitable tolling. Cf. Woodward, 263 F.3d at 1143 (determining that a delay in notification of nearly a month may justify equitable tolling); Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000) (concluding that a four month delay in receiving notice of a state court denial "could qualify for equitable tolling").

13.    Petitioner's apparent argument that a one to two week delay in access to "legal matters" would have prevented him from filing his federal petition in a timely manner is vague and speculative.[7]   Moreover, Petitioner's argument is undercut by evidence that he had prepared his federal petition by January 19, 2001 and thus, did not need to request legal materials.  See Pet.'s Resp. (indicating that Mr. Serrano sent his federal petition to Mr. Pori on January 19, 2001). Consequently, Petitioner's apparent assertion that his access to legal materials would have been delayed by one to two weeks does not constitute the extraordinary circumstances needed to warrant the application of equitable tolling.

14.    Finally, Petitioner appears to argue that equitable tolling should apply because he relied on Mr. Pori to file his federal petition in a timely manner and Mr. Pori failed to do so.  This "reliance" argument was rejected as a justification for equitable tolling in Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000).  Thus, the fact that Mr. Serrano may have chosen to rely on assistance from an attorney in filing his petition "does not relieve [him] from the personal responsibility of complying with the law."  Marsh, 223 F.3d at 1220-21 (citing Henderson v. Johnson, 1 F.Supp.2d 650, 655 (N.D.Tex. 1998); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)).

15.    Petitioner has neither diligently pursued his claims, nor demonstrated that his failure to timely file was caused by extraordinary circumstances beyond his control.  Consequently, Petitioner has failed to meet his burden of showing that equitable tolling should be applied and this petition should be dismissed as time-barred.

---

[7]  Petitioner does not describe what legal materials were required, nor does he claim that a delay in obtaining legal materials actually caused the untimely filing of his federal petition.

**Recommendation**

I recommend that the Respondent's Motion to Dismiss **[Doc. 14]** based on the statute of limitations under the AEDPA be granted and this cause be dismissed with prejudice. Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

UNITED STATES MAGISTRATE JUDGE