FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 1 6 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY SERRANO,

    Petitioner,

v.                                                        Civ. No. 02-0057 BB/RLP

JOSEPH WILLIAMS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. Mr. Serrano is currently incarcerated in the Southern New Mexico Correctional Facility in Las Cruces, New Mexico. He was sentenced to 43 ½ years' imprisonment after a jury found him guilty of conspiracy to commit armed robbery, aggravated burglary, criminal sexual penetration, armed robbery (two counts) and aggravated assault in disguise. Amended Judgment, Sentence and Commitment, attached as Exhibit A to Answer [Doc. 13]. He was determined to be an habitual offender with three prior felony convictions and sentenced to an additional three years' imprisonment. *Id.* The aforementioned sentences were to be served consecutively to a life sentence already imposed. *Id.*

2.    The first Judgment was entered on January 26, 1987. Exhibit B. Mr. Serrano filed a direct appeal on February 26, 1987. Exhibit F. The New Mexico Court of Appeals (COA) entered its unpublished opinion on May 28, 1987 affirming the convictions.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

43

Exhibit O. Mr. Serrano filed a petition for writ of certiorari, Exhibit P, which was denied on June 30, 1987. Exhibit Q.[2]

3. Mr. Serrano filed a second notice of appeal after the Amended Judgment was entered. Exhibit R. On August 2, 1987 the COA issued its second unpublished Memorandum Opinion affirming his convictions (but reversing the determination that Mr. Serrano must serve 11 years on parole). Exhibit Y. Mr. Serrano's petition for writ of certiorari, Exhibit Z, was denied on September 10, 1987, Exhibit AA.[3]

4. Almost 10 years later, on April 21, 1997, Mr. Serrano filed a petition for writ of habeas corpus in state court, Exhibit DD, and three months later filed an amended petition. These petitions allege violations of Mr. Serrano's Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights; a Confrontation Clause violation; denial of compulsory process; double jeopardy violations for multiple punishments; that prosecutorial misconduct deprived him of a fair trial; that he received constitutionally ineffective assistance of counsel; and that he is actually innocent of the charges brought against him.

5. On November 4, 1998, the state court dismissed all but one of these grounds (ineffective assistance of counsel), noting that the other issues were or should have been brought on direct appeal. Exhibit GG. The summary dismissal was not appealed.

---

[2] This appeal concerned whether the trial court erred in: denying a motion to suppress evidence; admitted a statement when the defendant had not been given his *Miranda* warnings; and denying a motion for directed verdict.

[3] This appeal raised the following issues: whether the trial court erred in not dismissing the case for violating the six-month rule; whether his double jeopardy rights were violated; and whether sufficient evidence on which to base an habitual offender enhancement had been presented to the state court.

2

6. On January 11, 1998 Mr. Serrano filed a second amended petition for writ of habeas corpus. Exhibit HH. In this petition he alleged constitutionally ineffective assistance of counsel on various grounds and newly discovered evidence. On November 15, 2001, the state court issued its decision. Exhibit LL. The court noted that 13 years had elapsed since the time of the initial conviction until the time of the hearing (2001) and that the state and local police departments no longer had their files; thus, the entire petition was barred by laches. *Id.* at 3, ¶ 2. The court further found that Mr. Serrano's attorney was not ineffective. *Id.*, ¶ 3.

7. Mr. Serrano filed a petition for writ of certiorari, Exhibit MM, which was denied on January 9, 2002, Exhibit NN. On January 16, 2002 a petition for writ of habeas corpus was filed in federal district court [Doc. 1]. The petition was dismissed for being beyond the one-year limitation period in AEDPA, 28 U.S.C. § 22449(d)(1). [Doc. 17]. The matter was appealed and the Tenth Circuit Court of Appeals reversed. [Doc. 33]. Briefing was completed on July 1, 2005 [Doc. 41 & 42].

8. Mr. Serrano, who is represented by counsel, alleges the following claims for relief in this proceeding: (1) constitutionally ineffective assistance of counsel; (2) violation of Mr. Serrano's rights under the Confrontation Clause; (3) prosecutorial misconduct; and (4) double jeopardy violations for multiple punishment.

9. The Respondent argues that Mr. Serrano has procedurally defaulted his claims and this court is barred from reviewing the petition. First, he asserts that as to grounds 2, 3, and 4 those issues were not raised on direct appeal and therefore the procedural bar applies. *See* Exhibit AA & n.3, *supra*. Next, Respondent urges that the ineffective assistance of counsel claim should be deemed barred because the trial court

denied the entire petition on the ground of laches and the New Mexico Supreme Court (NMSC) denied review, thus letting the procedural bar stand.

10. Mr. Serrano raises three claims which were not the subject of a direct appeal: his Confrontation Clause claim, prosecutorial misconduct, and double jeopardy.[4] The state trial court indicated that those claims should have been brought on direct appeal and refused to consider them in the state habeas petition. This court may not review a defaulted claim if the grounds for the default rested "on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied*, 525 U.S. 950 (1998). The *Jackson* court found that "New Mexico courts have consistently and even handedly applied the rule waiving issues not raised on direct appeal for purposes of post-conviction relief." *Id.* at 1318.

11. Counsel for Mr. Serrano does not argue any grounds for cause and prejudice or a fundamental miscarriage of justice. He merely argues that no issue was procedurally defaulted. The court disagrees with that assessment and finds that the above three arguments have been procedurally defaulted.

12. Respondent argues that the claim of ineffective assistance of counsel was also procedurally defaulted because the state habeas petition was dismissed due to laches. The court does not find that laches constitutes a procedural bar. In any event, in its Conclusions of Law, the state court found that Mr. Serrano did not receive ineffective

---

[4] Mr. Serrano raised a double jeopardy claim on direct review. *See* Exhibit Y & n.3, *supra*. However, the basis of that claim was receiving multiple punishments for two offender enhancements. *See* Exhibit S at 3-4. The double jeopardy claim raised in his federal petition is based on multiple punishments for unitary conduct.

assistance of counsel. *See* Exhibit LL at ¶ 3. The clear import of this conclusion is that the state court *did* reach the merits on the ineffective assistance claim and therefore review is not barred in this court.

13. The following narrative is taken from the Amended Petition for a Writ of Habeas Corpus filed in state court, Exhibit HH to Answer:

> Judith Gonzales, the complaining witness in this case, claimed that late on the night of December 15, 1984 or early in the morning of December 16, 1984, Wilfred and Ralph Martinez came to the house she shared with Herman Chavez. According to Ms. Gonzales, the Martinez brothers wanted to pawn a .22 rifle. Shortly after the Martinez brothers arrived, Ms. Gonzales claimed that two men entered her home. . . . Ms. Gonzales claimed that one of the men picked up the rifle, and then subsequently armed himself with a knife. Ms. Gonzales then stated that the man with the knife raped her, while his accomplice held the Martinez brothers and Herman Chavez at bay by brandishing the rifle. According to Ms. Gonzales, the two intruders then robbed her and Mr. Chavez of money, a cassette tape player, and drugs

14. The grounds asserted for the ineffective assistance of counsel claim are that counsel failed to investigate witnesses who could have exonerated Mr. Serrano and instead adopted "an erroneous and inadmissible defense" that Ms. Gonzales was a woman of loose morals; and that counsel failed to argue both that an illegal search took place and that a defense statement was obtained in violation of Mr. Serrano's Fifth Amendment rights.

15. To succeed on a claim that counsel was ineffective, a petitioner must show both that the representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance carries a strong presumption that it falls within a wide range of reasonableness. *Id.* "Whether to raise a particular defense is one aspect of trial strategy, and informed 'strategic

5

or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong.'" *Anderson v. Attorney Gen.*, 425 F.3d 853, 859 (10th Cir. 2005) (quoting *Bullock v. Carver*, 297 F.3d 1036, 1047 (10th Cir. 2002)).

16. Petitioner's Brief in Chief offers no factual bases for his claims of ineffective assistance of counsel. For example, the exculpatory witnesses are not identified, the defense strategy is not discussed, nor are the facts given surrounding the allegedly improperly admitted evidence and statement. As Respondent points out, there is not one record citation in this brief and counsel declined to file a reply brief to elucidate further his contentions.

17. A review of the state court's decision denying the habeas petition, Exhibit LL, indicates that after an evidentiary hearing (which occurred 13 years after the trial), the arresting officer had no memory of the case, trial counsel had little memory of the case and had destroyed his case file, and the Espanola Police Department had destroyed its files. *Id.* at 1-2. The court found that trial counsel had done an adequate investigation; that the alleged exculpatory witnesses had criminal backgrounds and therefore a strategic decision was made not to call them to testify. *Id.* at 2. The court also noted that a motion to suppress would have been futile and that Mr. Serrano's statement was voluntary and therefore not subject to a Fifth Amendment violation. *Id.*

18. Based on the record before this court, it does not appear that the state court's judgment was contrary to, or involved an unreasonable application of *Strickland*. *Williams v. Taylor*, 529 U.S. 362, 375 (2000).

## RECOMMENDED DISPOSITION

I recommend that the application for writ of habeas corpus be denied and this case dismissed with prejudice.

                                              Richard L. Puglisi
                                              United States Magistrate Judge

For the Petitioner:       Brian Pori, Esq.

For the Respondent:    Patricia Gandert, Esq.