FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 07 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERRY SERRANO,

    Petitioner,

v.                                Civ. No. 02-0057 BB/RLP

JOSEPH WILLIAMS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION[1]

    1.    Petitioner, who is represented by counsel, timely filed his objections [Doc. 44] to the Magistrate Judge's Report and Recommendation [Doc. 43]. The court has again reviewed the record and finds that some of Petitioner's objections are well-taken and therefore issues this Supplemental Report and Recommendation, repeating only necessary facts for resolution of this matter.

    2.    Petitioner contends that he raised his Confrontation Clause claim in his Amended Petition for Writ of Habeas Corpus in state court, and this Court incorrectly determined that he had procedurally defaulted that claim. In summary, Herman Chavez was the victim of Petitioner's armed robbery and aggravated assault.[2] He did not testify at trial and his statement to the police was read to the jury without objection from

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Supplemental Report and Recommendation (R&R), that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the R&R. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

[2] Petitioner was charged with armed robbery of Chavez (Count V) and aggravated assault (Count VII); he received a directed verdict at trial on Count VII. Exhibit A to Answer.



Petitioner's trial counsel. Chavez's statement corroborated the testimony of Judith Gonzales, another victim.

3. In Petitioner's Motion for a New Trial, filed July 31, 1986, Exhibit D to Answer, trial counsel stated that Petitioner's Confrontation Clause rights were violated by the admission of Chavez's statement. In the state court's denial of the motion and specifically addressing this point, the trial judge indicated that circumstantial evidence was not improper. Exhibit E, ¶ 4.

4. The Confrontation Clause argument was raised again in the docketing statement. The New Mexico Court of Appeals (COA), in its Second Calendar Notice, denied relief on evidentiary grounds because no objection was raised at trial and on Confrontation Clause grounds because no facts underlying this claim were given by Petitioner's new appellate counsel. Exhibit M. Petitioner's convictions were affirmed in the COA Memorandum Opinion. Exhibit O. The claim was raised in the petition for writ of certiorari, which was denied. Exhibits P & Q.

5. This Court will assume that the Confrontation Clause issue was fairly raised to the state courts. Unfortunately, this Court in 2006 knows no more than did the COA in 1987: absolutely no facts have been given as to the alleged improper admission of Herman Chavez's testimony. Further, as noted by Respondent, Petitioner fails to include any record citations whatsoever to support his claims. In reviewing the Record Proper, Petitioner's current counsel had submitted to the state court tape transcript citations, to which this Court endeavored to listen on two different tape players. The Court is unable to ascertain Chavez's statement being read on Trial Transcript, Tape 13, 1986. *See* Record Proper: Petitioner Jerry Serrano's Proposed Findings of Fact & Conclusions of

2

Law, page 16, ¶ 80, referencing Trial Tape 13. This Court does not have the trial transcript. Without knowing what the statement was, this Court cannot say that Petitioner's Confrontation Clause rights were violated.[3]

6.      Petitioner also objects that the court found that he had procedurally defaulted his claims of prosecutorial misconduct and double jeopardy. He states that these claims were raised as part of his ineffective assistance of counsel claims in his Amended Petition for Writ of Habeas Corpus in 1999, Exhibit HH to Answer. The Court agrees that these claims were raised as part of his ineffective assistance claims.

7.      To succeed on an ineffective assistance claim, Petitioner must show both his counsel's constitutionally deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The performance and prejudice prongs of *Strickland* may be addressed in any order and need not both be addressed if the petitioner fails to make a showing of one. *See Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir.1999). To show constitutionally deficient performance, a petitioner must show that his attorney "committed serious errors in light of prevailing professional norms such that his legal representation fell below an objective standard of reasonableness." *Castro v. Ward*, 138 F.3d 810, 829 (10th Cir.1998) (internal quotations and citations omitted). Counsel's performance must have been completely unreasonable, not merely wrong. *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir.1997).

---

[3] Petitioner argues that the statement is not admissible pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004). *Crawford* was decided 17 years after Petitioner's appeal and five years after his state habeas hearing. In *Brown v. Uphoff*, 381 F.3d 1219, 1225 (10th Cir. 2004), the court held that *Crawford* is not retroactive to cases on collateral review.

3

8. To show prejudice, *Strickland* requires that a petitioner demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. This requires showing that counsel's errors were so serious as to deprive petitioner of a fair trial, "a trial whose result is reliable." *Id.*

9. The first issue raised under *Strickland* is counsel's failure to object to Herman Chavez's statement being read to the jury and his failure to have the prosecutor prove that Mr. Chavez was unavailable to testify at trial. The same reason this Court recommends that Petitioner's Confrontation Clause claim be denied applies here: there is simply not enough information available now, almost 20 years after the conviction to determine the circumstances surrounding the introduction of this statement. See ¶ 5, *supra*.

10. Next, Petitioner argues that the prosecutor committed misconduct by failing to disclose that the yellow Ford Pinto was inoperable because it did not have a gas tank and also failed to disclose inducements made to the complaining witness, Judith Gonzales. As Respondent notes, the prosecutor was unaware of the missing gas tank and did not offer inducements to Gonzales. See Respondent's Answer Brief at 12. Respondent references the tape of the evidentiary hearing held in 1999, Tape 5.

11. The prosecutor at Petitioner's trial testified that his recollection was that the Ford Pinto did in fact have a gas tank. Tape 5, 5/28/99.[4] The prosecutor further testified that no inducements were given to Judith Gonzales to testify against Petitioner. *Id.* Based

---

[4] In Trial Tape 13, part of which was audible, the police officer who saw the Ford Pinto indicated that it had been moved between December 14, 1984, which it was off the road, and December 16, 1984, when it was on the road.

on the conclusory allegations of Petitioner and the uncontroverted testimony from the prosecutor, the Court finds nothing to indicate that trial counsel's performance was deficient in this area.

12. Petitioner next argues that counsel was ineffective for failing to object to multiple punishments for aggravated burglary and aggravated assault because those crimes were an integral part of the crimes of robbery and criminal sexual penetration (CSP). In *Blockburger v. United States*, 284 U.S. 299 (1932), the Court held:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact the other does not.

*Id.* at 304.

13. Respondent argues that there was no Double Jeopardy violation and thus, counsel cannot be deemed ineffective. Noting that there were two victims and two courses of conduct, Respondent contends that each statutory provision requires proof of a fact the other does not:

14. Aggravated burglary consists of the unlawful entry into a dwelling with the intent to commit any felony or theft therein and the individual is armed. NMSA (1978) § 30-16-4(A); *see* Amended Judgment and Sentence [Doc. 13, Exhibit A thereto]. Criminal Sexual Penetration (CSP) is the unlawful and intentional causing of a person to engage in sexual intercourse. NMSA (1978) § 30-9-11; *see* Amended Judgment and Sentence. Armed robbery is the theft of anything of value from the person of another while armed with a deadly weapon. NMSA (1978) § 30-16-2; *see* Amended Judgment and Sentence. Aggravated assault is the unlawful striking or menacing of another while wearing a

disguise. NMSA (1978) 30-3-2(B); *see* Amended Judgment and Sentence.

15.     Petitioner and another unlawfully entered the home of Judith Gonzales and Henry Chavez wearing disguises and arming themselves with a rifle and a knife in the home. Judith Gonzales claimed that Petitioner, the man with the knife, raped her and at some point after that both intruders robbed her and Chavez of property and left the home. This conduct is not unitary.

16.     In *State v. Armijo*, 104 P.3d 1114 (N.M. Ct. App. 2004) the court determined that the crimes of aggravated assault and armed robbery each require proof of an element the other does not and each statute protects different social norms: the statue for armed robbery is directed against the loss of property and the statute for aggravated assault is directed at protecting the bodily integrity of the individual. *Id.* at 1121.

17.     Because there was no violation of Petitioner's rights against Double Jeopardy, counsel was not ineffective for failing to raise this issue.

18.     All other claims made by Petitioner were addressed in the Magistrate Judge's Report & Recommendation [Doc. 43].

## RECOMMENDED DISPOSITION

I recommend that having considered the objections to the Magistrate Judge's Report & Recommendation, the case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge